# APPENDIX.

## VAIL *v.* HEUSTIS.[*]

A party may purchase a bill of exchange at any rate of discount; but if it be shown that the transaction was not, in its inception, real, but a mere device to evade the statute against usury, the money advanced will be regarded as a loan.

Where the bill was drawn by a partner upon the firm, to his own order, and accepted by him in their name and indorsed to another, the question whether the payee could maintain a suit upon it at maturity, is immaterial in determining the character of the transaction.

APPEAL from the *Dearborn* Court of Common Pleas.

DAVISON, J.—*Heustis,* the plaintiff below, brought this action against *Vail,* who was the defendant, upon the indorsement of a bill of exchange for the payment of 750 dollars. The bill bears date *Cincinnati, June* 29, 1857; was drawn by the defendant, payable to himself, at the branch of the bank of the state of *Indiana,* at *Lawrenceburgh;* was accepted by *Bates, Neil,* and *Vail;* and indorsed by the payee to the plaintiff. The complaint shows that the acceptors did not pay the bill when it became due, upon presentation at the place where it was made payable, of which the defendant had due notice, and that the bill remains due and unpaid, &c.

The defendant answered—

1. By a general denial.

2. That the bill was drawn, accepted, and indorsed at

---

[*] This case was decided at the *November* term, 1859, but was mislaid, and not found in time for publication in its proper place.

A petition for a rehearing was filed *January* 21, 1860, and overruled *May* 8.

The case is followed in a case between the same parties, *ante,* 85, where, not being able to find the names, the Reporter, by mistake, says "there is no such case."

*Lawrenceburgh,* in the presence of the plaintiff, and not in *Cincinnati;* that the plaintiff, who discounted it, did, usuriously, corruptly, and contrary to law, reserve, contract for, and receive interest upon the principal of the bill, at a greater amount than six per cent. per annum; viz., at the rate of two per cent. per month in advance, and that the amount so paid to the plaintiff for interest reserved, amounted to the sum of 60 dollars; that the bill was dated *Cincinnati, Ohio,* for the purpose of evading the laws against usury, and was drawn, accepted, and indorsed by the defendant, upon and for the loan of a sum of money, viz., 750 dollars, which was then and there loaned by the defendant to the plaintiff, &c.

Reply in denial of the second paragraph.

The Court tried the cause, and found for the plaintiff 756 dollars, 72 cents; and having refused a new trial, rendered judgment, &c.

Upon the trial, the plaintiff gave in evidence the bill of exchange; proved that it was duly presented for payment; that it had been regularly protested for non-payment; and that notice of protest had been duly given; and rested.

And thereupon the defendant, to sustain his second defense, introduced the plaintiff, who testified substantially as follows: *Vail,* the defendant, was a member of the firm of *Bates, Neil,* and *Vail,* who were partners in a railroad contract. He was their financial partner; attended to selling their real estate, and raising money with which to carry on their contract; had frequently requested plaintiff to purchase bills on said firm, offering to sell them at a certain amount off their face, which was always equal to two per cent. per month. On the day the bill in question was drawn, *Vail* met plaintiff on the street; said he wanted to raise money—to sell plaintiff a bill on *Bates, Neil,* and *Vail;* and they went to *Vail's* house in *Lawrenceburgh,* where, in his own handwriting, he drew, accepted, and indorsed the bill, and proposed to allow plaintiff two per cent. per month, which was deducted from the face of the bill. He first proposed to date the bill at *Lawrenceburgh,* and make it payable in ,*Cincinnati, Ohio;* but plaintiff ob-

jected, for the reason that he did not understand doing business in the banks in *Cincinnati*. The bill was then drawn, accepted, and indorsed, as it stands. Plaintiff, in his testimony, says that the transaction was the purchase of the bill, and not the loan of money.

The statute is that "interest upon the loan or forbearance of money," &c., "shall be at the rate of six dollars a year upon one hundred dollars; and no greater rate of interest shall be taken directly or indirectly," &c. 1 R. S. p. 343, § 1.

Thus, it will be seen that the amount, in this instance, deducted from the bill, was more than the statutory rate of interest. Hence, the inquiry arises, was the sum actually received by the defendant a loan of money?

The instrument in suit is in the form of an ordinary bill of exchange, and the plaintiff had a right to purchase it at any rate of discount agreed on by the parties, unless the evidence shows that it was not, in its inception, a real transaction, but a mere device to evade the statute. If it was, then the money advanced on the bill was, in contemplation of law, a loan to the defendant.

But it is argued that the payee could not have maintained an action on the bill at its maturity; and that, therefore, it was not a real transaction. This reasoning does not seem to be correct. The proof is, that the defendant was the financial partner of the firm of *Bates, Neil,* and *Vail,* and as such was authorized to raise money to carry on the railroad contract; and, in the absence of contrary proof, it may be inferred that, for such purpose, he had a right to draw a bill upon the firm, to his own order, and accept it in their name. The question whether the payee could or could not have sued on the bill, is not material, because when indorsed it became operative in the hands of the indorsee. Edw. on Bills, pp. 186, 187.

But whether the transaction, in this case, was or was not "a loan of money," was a pure question of fact properly submitted for trial under the pleadings. And the Court, sitting as a jury, having in effect decided that it was not a

VOL. XIV.—39

loan, we are inclined, in view of the evidence, to sustain its decision.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*J. Schwartz* and *P. L. Spooner*, for the appellant.

*D. S. Major*, for the appellee.